# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARLENE KAREN BAKER,      )
                                        )
                PLAINTIFF,      )
                                          )
vs.                                )     CASE NO. 14-CV-371-FHM
                                          )
CAROLYN W. COLVIN, Acting     )
Commissioner of the Social Security    )
Administration,                   )
                                          )
              DEFENDANT.    )

## OPINION AND ORDER

Plaintiff, Marlene Karen Baker, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th

---

[1] Plaintiff Marlene Karen Baker's application was denied initially and upon reconsideration. A hearing before Administrative Law Judge (ALJ), Deborah L. Rose, was held on September 4, 2012. By decision dated September 27, 2012, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 9, 2014. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 46 years old on the alleged date of onset of disability and 48 on the date of the denial decision. Plaintiff graduated from high school and has one year of college. Her past work experience includes hospital housekeeper, hand packager, cashier, phlebotomist, electronic tester, circuit board solderer, and inspector. Plaintiff claims to have become disabled as of April 12, 2011, due to diabetes, high blood pressure, neuropathy, limited vision, high cholesterol, sleep apnea, and depression. [R. 145].

## The ALJ's Decision

The ALJ found that Plaintiff has severe impairments relating to diabetes mellitus with peripheral neuropathy combined with hypertension, sleep apnea, degenerative disc disease of the thoracic spine, depression, and anxiety. [R. 20]. The ALJ determined that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) in that she can lift and/or carry 10 pounds frequently and 20 pounds occasionally; stand and/or walk 6 hours out of an 8-hour workday; sit for 6 hours out of an

8-hour workday; pushing and/or pulling such as using hand and/or foot controls limited to 10 pounds frequently and 20 pounds occasionally. Plaintiff can manipulate objects with both upper extremities; limited to occasional feeling; can perform superficial and incidental work-related interaction with coworkers and supervisors; have no significant public interaction; and is limited to simple routine tasks. [R. 21-22]. Although Plaintiff is unable to perform her past relevant work, based on the testimony of the vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 29-30]. Accordingly, the ALJ determined that Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ erred by: 1) relying on the testimony of the vocational expert which conflicts with the *Selected Characteristics of Occupations* (SCO) as defined in the *Revised Dictionary of Occupational Titles* (1993); and 2) failing to properly evaluate the medical source evidence.

## **Analysis**

Conflict between the Vocational Expert's Testimony and
the Dictionary of Occupational Titles (DOT)[2]

Plaintiff argues the vocational expert`s testimony conflicts with the DOT and remand

is warranted to resolve the conflict. [Dkt. 20, pp. 6-8]. The ALJ found Plaintiff capable of

performing light work with certain restrictions, including manipulating objects with both

upper extremities; occasional feeling; superficial and incidental work-related interaction with

coworkers and supervisors; no significant public interaction; and is limited to simple routine

tasks. [R. 21-22]. In response to the ALJ's hypothetical question, the vocational expert

testified that someone with Plaintiff`s residual functional capacity (RFC) could perform the

jobs of a bakery worker (DOT #524.687-022), 1991 WL 674401; and surveillance monitor

(DOT #379.367-010), 1991 WL 673244. [R. 57-58].

Plaintiff argues that the jobs identified by the vocational expert are not available to

her because the jobs require the performance of tasks that exceed the ALJ's RFC. Plaintiff

contends that the job of surveillance monitor identified by the vocational expert is defined

in the DOT as requiring "frequent" talking which conflicts with the RFC limitation of only

superficial and incidental contact with coworkers and supervisors and no significant

interaction with the public.

---

[2] *Selected Characteristics of Occupations* (SCO) is a companion publication to the *Dictionary of Occupational Titles (*DOT) published by the Department of Labor. Plaintiff's brief refers to the *Selected Characteristics of Occupations* (SCO), but does not provide a valid page number for the reference to that source. The SCO is a 627 page publication full of columns and rows of occupational titles and codes. Because of the arrangement of the data in the SCO, it is practically unusable without a page number.

It appears, however, that although Plaintiff refers to the SCO, what Plaintiff is actually talking about is the full job description contained in the DOT. The DOT describes physical and mental demand components for every job, and the degree to which the job requires the worker to relate to data, people, or things. Therefore, the court's discussion refers to the DOT, rather than the SCO.

The *Dictionary of Occupational Titles*[3] (DOT) lists surveillance monitor as having a people rating of 6. The "people rating" expresses the degree of interaction with other people that the job requires. As explained at Appendix B to the DOT, "there are nine possible function assignments for the "People" category, and the numbering denotes, from highest (0) to lowest (8), the job's involvement with people. *Dictionary of Occupational Titles*, App. B—Explanation of Data, People, & Things, 1991 WL 688701. A "people rating" of 6 for surveillance monitor indicates this job has little involvement with people. This conclusion is confirmed by the job description for the position. The DOT description for surveillance-system monitor states that job involves the following:

> Monitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors, and notifies authorities by telephone of need for corrective action: Observes television screens that transmit in sequence views of transportation facility sites. Pushes hold button to maintain surveillance of location where incident is developing, and telephones police or other designated agency to notify authorities of location of disruptive activity. Adjusts monitor controls when required to improve reception, and notifies repair service of equipment malfunctions.

DOT #379.367-010, 1991 WL 673244. Nothing within the job description or people rating exceeds the RFC limitation of superficial and incidental work-related interaction with co-workers and supervisors, and no public interaction.

Further, Plaintiff argues that the job of bakery worker requires "occasional" proximity to moving mechanical parts, hot ovens, and other dangerous equipment which conflicts

---

[3] *See* "Appendix C: General Education Development," in Dictionary of Occupational Titles, U.S. Dep't of Labor, Office of Administrative Law Judges (4th ed.1991), *at* http://www.oalj.dol.gov/public/dot/refrnc/dotappc.htm.

with the RFC limitation of having the ability to "feel" only occasionally with her upper extremities. The DOT description for the bakery worker job identified by the vocational expert is as follows:

> Performs any combination of the following tasks in preparation of cakes along conveyor line: Reads production schedule or receives instructions regarding bakery products that require filling and icing. Inspects cakes moving along conveyor to detect defects and removes defective cakes from conveyor to reject bins. Positions cakes on conveyor for application of filling or icing by machine, observes filling or icing application to ensure uniform coverage, and places additional cake layers on coated layers, depending on number of cake layers in product. Observes cakes moving under automatic topping shaker and cake cutting machine to ensure uniform topping application and cutting. Smooths iced edges of cake, using spatula, and moves decorating tool over top of designated cakes to apply specified appearance. Notifies supervisor of malfunctions.

DOT #524.687-022, 1991 WL 674401. Contrary to Plaintiff's assertion, the RFC did not include any restriction on the ability to be near ovens or dangerous equipment. Exposure to hot pans, hot ovens, or other dangerous equipment is not within the job description of bakery worker. In fact, the DOT description specifies that exposure to extreme heat is "not present – activity or condition does not exist for the job." 1991 WL 674401. The court finds there is no merit to Plaintiff's contention that the bakery worker job is precluded by the RFC.

The court finds there is no conflict between the DOT descriptions of the designated jobs and the RFC restrictions of superficial and incidental work-related interaction with co-workers, supervisors, no significant public interaction, or feeling occasionally with the upper extremities.

6

<u>Opinion of Treating Physician</u>

Dr. Ranilo Vasquez, M.D., treated Plaintiff from October 10, 2011 through June 4, 2012 for various complaints including diabetes mellitus, hypertension, back pain, and depression. Dr. Vasquez prepared two Medical Source Statements – Physical. The first statement was completed on April 1, 2012, [R. 323-24], the second completed on August 2, 2012. [R. 397-98]. Both statements indicate that Plaintiff is very physically limited. Dr. Vasquez opined that Plaintiff could occasionally lift/carry 10 pounds; frequently lift/carry less than 10 pounds; stand/walk less than 2 hours in an 8-hour workday; sit for less than 4 hours in an 8-hour workday; must periodically alternate sitting/standing to relieve pain or discomfort; and push/pull was limited in both her upper and lower extremities. Dr. Vasquez also found Plaintiff had postural, manipulative, and environmental limitations. The ALJ gave Dr. Vasquez's opinion little weight. [R. 28].

Plaintiff argues that the ALJ erred by failing to include Dr. Vasquez's limitations in the RFC. Further, Plaintiff argues that the reasons the ALJ gave for rejecting Dr. Vasquez's opinion are not supported by substantial evidence. A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Knight ex rel. P.K. v. Colvin,* 756 F.3d 1171, 1176 (10th Cir. 2014)(internal quotation marks omitted). However, if the opinion is deficient in either of these respects, it is not given controlling weight. When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth specific, legitimate reasons for his decision. An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory

medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *McGoffin v. Barnhart,* 288 F.3d 1248, 1252 (10th Cir. 2002).

The majority of Dr. Vasquez's treatment notes from October 10, 2011 through June 4, 2012 indicate that Plaintiff's diabetes mellitus is managed with diet, oral medication, and insulin; hyperlipidemia is moderate and Plaintiff is compliant with diet, exercise, and medication; back pain symptoms are relieved by over-the-counter medication; and myalgia pain is relieved by analgesics. [R. 346-394]. The ALJ found that Dr. Vasquez relied quite heavily on the subjective report of symptoms and limitations provided by Plaintiff which the ALJ found were unreliable. The ALJ noted that the course of treatment provided by Dr. Vasquez was not consistent with what one would expect of a person who was truly disabled. There were few musculoskeletal findings, and although there were allegations of fibromyalgia in Dr. Vasquez's first Medical Source Statement, there were no references to positive trigger points or a diagnosis of fibromyalgia. The ALJ stated that although Dr. Vasquez found Plaintiff to be very limited in the Medical Source Statements, the progress notes throughout the record do not show Plaintiff to have the restrictions Dr. Vasquez's Medical Source Statements impose. [R. 28]. The court finds that the ALJ gave sufficient reasons for rejecting Dr. Vasquez's opinion and that those reasons are supported by substantial evidence.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there

is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 29th day of September, 2015.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE